UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLOTTE KERN,

                          Plaintiff,

            -vs-                                           13-CV-277C

FIRST LEGACY ASSET MANAGEMENT, LLC,
a/k/a FIRST LEGACY ASSET, LLC,

                          Defendant.

---

By order entered August 15, 2013 (Item 4), in accordance with Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York, this court directed plaintiff to show cause in writing within 30 days why this case should not be dismissed for failure to prosecute. The order contained an explicit warning that failure to respond to the order may result in dismissal of the action. No response has been filed, and cause for further prosecution of the action has not otherwise been shown.

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Federal Rules expressly empower a district court to exercise its discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order …." Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575.

Because dismissing an action for failure to prosecute is a "harsh remedy," *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993), a court contemplating dismissal under

Rule 41(b) should examine whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff received notice that further delay would result in dismissal; (3) further delay would likely prejudice the defendant; (4) the need to alleviate court calendar congestion outweighs plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions would be effective.  *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  No one factor is dispositive, and a court must consider the record of the entire case as a whole.  *Id.*  Further, a court may find dismissal warranted due to a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal in this case.  First, plaintiff has delayed this case for approximately eight months by failing to respond to the court's order to show cause.  Second, the court expressly warned plaintiff of the likelihood of dismissal of the action if plaintiff failed to respond.  Third, even though defendant has not responded to the complaint, prejudice resulting from unreasonable delay in prosecution may be presumed.  *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).  Fourth, this action has remained virtually dormant on the court's docket since the filing of the complaint in March 2013, more than a year ago, and plaintiff has provided no indication that he will move the action forward in the future.  Finally, considering this longstanding pattern of inaction, no lesser sanction than dismissal would be effective.

Accordingly, all of the relevant factors support dismissal pursuant to Rule 41(b), and the case is hereby dismissed for failure to prosecute, failure to comply with the court's

order to show cause, and failure to comply with the Federal and Local Rules of Civil Procedure.

So ordered.

\s\ John T. Curtin<br>JOHN T. CURTIN<br>United States District Judge

Dated: April 30, 2014
p:\pending\2013\13-277.41(b).apr25.2014